UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------ x

GEORGE CARMONA,

          Plaintiff,

      -against-

CITY OF NEW YORK; Police Officer MICHAEL WALSH, Tax No. 945089; Police Officer JERMAINE TAYLOR, Tax No. 937613; Sergeant DIANA PICHARDO, Tax No. 930958; Police Officer ANGELO PIZZARRO, Shield No. 29275; and JOHN and JANE DOE 1 through 10, individually and in their official capacities (the names John and Jane Doe being fictitious, as the true names are presently unknown),

          Defendants.
------------------------------------------------------------------ x

**FIRST AMENDED COMPLAINT**

Jury Trial Demanded

13-CV-7285(NGG)(MDG)

## NATURE OF THE ACTION

1. This is an action to recover money damages arising out of the violation of plaintiff's rights under the Constitution.

## JURISDICTION AND VENUE

2. This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth and Fourteenth Amendments to the Constitution of the United States.

3. The jurisdiction of this Court is predicated upon 28 U.S.C. §§ 1331, 1343 and 1367(a).

4. Venue is proper in this district pursuant to 28 U.S.C. §§ 1391 (b) and (c).

5. This Court has supplemental jurisdiction over the New York State claims pursuant to 28 U.S.C. § 1367.

## JURY DEMAND

6. Plaintiff demands a trial by jury in this action.

## PARTIES

7. Plaintiff GEORGE CARMONA ("plaintiff" or "Mr. CARMONA") is a resident of Kings County in the City and State of New York.

8. Defendant City of New York is a municipal corporation organized under the laws of the State of New York. It operates the NYPD, a department or agency of defendant City of New York responsible for the appointment, training, supervision, promotion and discipline of police officers and supervisory police officers, including the individually named defendants herein.

9. Defendants Police Officer MICHAEL WALSH, Tax No. 945089; Police Officer JERMAINE TAYLOR, Tax No. 937613; Sergeant DIANA PICHARDO, Tax No. 930958; Police Officer ANGELO PIZZARRO, Shield No. 29275, at all times relevant herein, were/are officers, employees and agents of the NYPD. Defendants WALSH, TAYLOR, PICHARDO, and PIZZARRO, are sued in their individual and official capacities.

10. At all times relevant defendants John and Jane Doe 1 through 10 were police officers, detectives or supervisors employed by the NYPD. Plaintiff does not know the real names and shield numbers of defendants John and Jane Doe 1 through 10.

11. At all times relevant defendants John and Jane Doe 1 through 10 were police officers, detectives or supervisors employed by the NYPD. Plaintiff does not know the real names and shield numbers of defendants John and Jane Doe 1 through 10.

12. At all times relevant herein, all individual defendants were acting under color of state law.

## STATEMENT OF FACTS

13. Plaintiff GEORGE CARMONA is a 21-year-old man who lives in Brooklyn, New York.

14. On June 14, 2012, at approximately 12:30 a.m., plaintiff was lawfully in the vicinity of 2749 West 33rd Street, Brooklyn, NY.

15. As plaintiff walked towards the entrance to the building, an unmarked police vehicle drove onto the walkway and blocked his path.

16. A group of plainclothes officers exited the vehicle, including defendant PIZZARRO, PICHARDO, TAYLOR and WALSH, grabbed plaintiff and began searching him.

17. Despite finding neither weapons nor contraband during their search, the officers placed plaintiff under arrest.

18. The officers began twisting plaintiff's wrists around as they administered the handcuffs.

19. Plaintiff was then placed in a police vehicle and taken to the precinct.

20. While at the precinct, the officers strip-searched plaintiff, removing all his clothing and searching around his genitals and inner thigh.

21. The strip-search of plaintiff recovered neither drugs nor contraband.

22. Defendants PIZZARRO, PICHARDO, TAYLOR and WALSH falsely reported to members of the Kings County District Attorney's Office that plaintiff was in possession of a weapon and ammunition.

23. At no point did plaintiff possess either a weapon or ammunition.

24. On or about June 15, 2012, more than a day later, plaintiff was transported to Brooklyn Central Booking.

25. On or about June 16, 2012, more than two days later, plaintiff was arraigned in Kings County Criminal Court.

26. Plaintiff was charged with Criminal Possession of a Weapon in the Second and Fourth Degrees and Possession of Pistol Ammunition.

27. Plaintiff was held on $10,000 bail.

28. A few days later, plaintiff appeared before the Kings County grand jury and testified in his own defense.

29. The grand jury eventually voted to dismiss the charges in their entirety.

30. Plaintiff was finally released from Rikers Island prison on June 20th, 2012, approximately six days after his initial arrest.

### Notice of Claim

31. With respect to plaintiff's claims arising under state law, a Notice of Claim was duly and timely served on the Comptroller of the City of New York within ninety (90) days of the accrual of the cause of action alleged in this Complaint.

32. At least thirty (30) days have elapsed since the Notice of Claim was served, and defendant CITY has neglected and/or refused to make adjustment, settlement or payment with respect to the injuries complained of.

33. This action has been commenced within one (1) year and ninety (90) days after the happening of the events upon which the claims are based.

### FIRST CLAIM
### 42 USC § 1983

34. Plaintiff repeats and re-allege each and every allegation as if fully set forth herein.

35. Defendants PIZZARRO, PICHARDO, TAYLOR and WALSH, by their conduct toward plaintiffs alleged herein, violated plaintiffs' rights guaranteed by

42 U.S.C. § 1983, the Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States.

36. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

## SECOND CLAIM
**Unlawful Stop and Search**

33. Plaintiff repeats and re-alleges each and every allegation as if fully set forth herein.

34. Defendants PIZZARRO, PICHARDO, TAYLOR and WALSH violated the Fourth and Fourteenth Amendments because they unlawfully stopped and searched plaintiffs home.

35. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

## THIRD CLAIM
**False Arrest**

37. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

38. Defendants PIZZARRO, PICHARDO, TAYLOR and WALSH violated the Fourth and Fourteenth Amendments because they arrested plaintiff without probable cause.

39.     As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

## FOURTH CLAIM
### False Arrest State Law Claims

40.     Plaintiff repeats and realleges each and every allegation set forth above as though fully set forth at length herein.

41.     On June 4, 2012, plaintiff GEORGE CARMONA was taken into custody against his will by the defendants PIZZARRO, PICHARDO, TAYLOR and WALSH, acting within the scope of their employment and under color of state law.

42.     On June 4, 2012, there existed no probable cause that plaintiff GEORGE CARMONA had committed any crime or offense.

43.     On June 4, 2012, plaintiff GEORGE CARMONA was aware of his arrest and at no time consented to his arrest.

44.     The conduct of DOE defendants was wanton, willful and reckless and in total disregard for the federal and state law as to warrant the imposition of punitive damages.

## FIFTH CLAIM
### Malicious Prosecution

45.     Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

46. By their conduct, as described herein, and acting under color of state law, defendants PIZZARRO, PICHARDO, TAYLOR and WALSH are liable to plaintiff under 42 U.S.C. § 1983 for the violation of his constitutional right to be free from malicious prosecution under the Fourth and Fourteenth Amendments to the United States Constitution.

47. Defendants' unlawful actions were done willfully, knowingly, with malice and with the specific intent to deprive plaintiff of his constitutional rights. The prosecution by defendants of plaintiff constituted malicious prosecution in that there was no basis for the plaintiff's arrest, yet defendants continued with the prosecution, which was resolved in plaintiff's favor.

48. As a direct and proximate result of defendants' unlawful actions, plaintiffs have suffered, and will continue to suffer, damages, including physical, mental and emotional injury and pain, mental anguish, suffering, humiliation, embarrassment and loss of reputation.

## SIXTH CLAIM
### State Law Malicious Prosecution

49. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

50. By their conduct, as described herein, defendants PIZZARRO, PICHARDO, TAYLOR and WALSH are liable to plaintiff for having committed malicious prosecution under the laws of the State of New York.

51. Defendants maliciously commenced criminal proceeding against plaintiff, charging him with resisting arrest, menacing and disorderly conduct. Defendants falsely and without probable cause charged plaintiff with violations of the laws of the State of New York.

52. The commencement and continuation of the criminal proceedings against plaintiff was malicious and without probable cause.

53. All charges were terminated in plaintiff's favor.

54. Defendants, their officers, agents, servants and employees were responsible for the malicious prosecution of plaintiff. Defendant City of New York, as an employer of the individual defendants, is responsible for their wrongdoing under the doctrine of *respondeat superior*.

55. As a direct and proximate result of the misconduct and abuse of authority stated above, plaintiff sustained the damages alleged herein.

## SEVENTH CLAIM
**Unreasonable Force**

56. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

57. The defendants PIZZARRO, PICHARDO, TAYLOR and WALSH violated the Fourth and Fourteenth Amendments because they used unreasonable force on plaintiff.

58. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## EIGHTH CLAIM
### State Law Assault and Battery

59. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

60. By their conduct, as described herein, the defendants PIZZARRO, PICHARDO, TAYLOR and WALSH are liable to plaintiff for having assaulted and battered him.

61. Defendant City of New York, as an employer of the individual defendant officers, is responsible for their wrongdoing under the doctrine of *respondeat superior*.

62. As a direct and proximate result of the misconduct and abuse of authority stated above, plaintiff sustained the damages alleged herein.

## NINTH CLAIM
### Denial Of Constitutional Right To Fair Trial

63. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

64. The defendants PIZZARRO, PICHARDO, TAYLOR and WALSH created false evidence against Plaintiff.

65. The individual defendants forwarded false evidence to prosecutors in the Kings County District Attorney's office.

66. In creating false evidence against plaintiff, and in forwarding false information to prosecutors, the individual defendants violated plaintiff's constitutional right to a fair trial under the Due Process Clause of the Fifth and Fourteenth Amendments of the United States Constitution.

67. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## TENTH CLAIM
### Malicious Abuse Of Process

68. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

69. The defendants PIZZARRO, PICHARDO, TAYLOR and WALSH issued legal process to place plaintiff under arrest.

70. The individual defendants arrested plaintiff in order to obtain collateral objectives outside the legitimate ends of the legal process, to wit, to cover up their assault of him.

71. The individual defendants acted with intent to do harm to plaintiff without excuse or justification.

72. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## ELEVENTH CLAIM
### Failure To Intervene

73. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

74. Those defendants that were present but did not actively participate in the aforementioned unlawful conduct observed such conduct, had an opportunity prevent such conduct, had a duty to intervene and prevent such conduct and failed to intervene.

75. Accordingly, the defendants who failed to intervene violated the First, Fourth, Fifth And Fourteenth Amendments.

76. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

## TWELFTH CLAIM

### Negligent Hiring, Training, Promotion and Retention

77. Plaintiff repeats and realleges each and every allegation set forth above

as though fully set forth at length herein.

78. The actions of the defendants PIZZARRO, PICHARDO, TAYLOR and WALSH were the result of a policy and custom of defendants CITY and NYPD of failing to hire, train, promote and retrain police officers properly.

79. Defendants CITY and NYPD, as a matter of policy and practice, has with deliberate indifference, failed to sanction or discipline police officers who use conduct illegal searches, execute arrests without probable cause, or misrepresent facts to the District Attorney.

80. Defendants CITY and NYPD were negligent in the hiring, training, supervision, discipline and control of the DOE defendants, whose conduct is complained of herein.

81. Defendants CITY and NYPD were careless in failing to have in place, policies, procedures, rules and regulations to prevent the type of inappropriate conduct complained of herein and in failing to terminate it swiftly, and in having policies which encouraged said conduct, and/or in failing to adhere to existing policies, procedures, rules and regulations.

82. Defendants CITY and NYPD were negligent in employing and retaining dangerous, incompetent and dishonest police officers, whom they knew or should have known were dangerous and a menace to the community, residents and in particular the plaintiff.

83. Said policies, practices and customs of City, complained of, as well as the omissions aforesaid, deprived the plaintiff of his rights and immunities secured by the Fourth, Fifth and Fourteenth Amendments to the United States Constitution in violation of 42 U.S.C. §1983.

### THIRTEENTH CLAIM
**Unlawful Strip Search**

84. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

85. The defendants PIZZARRO, PICHARDO, TAYLOR and WALSH violated the Fourth and Fourteenth Amendments because they unlawfully subjected plaintiff to a strip search without legal justification.

86. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## **PRAYER FOR RELIEF**

**WHEREFORE**, plaintiff respectfully requests judgment against defendants as follows:

(a) Compensatory damages against all defendants, jointly and severally;

(b) Punitive damages against the individual defendants, jointly and severally;

(c) Reasonable attorneys' fees and costs pursuant to 28 U.S.C. § 1988; and

(d) Such other and further relief as this Court deems just and proper.


DATED:   May 22, 2014
         New York, New York

                                   /ss/
Robert Marinelli
299 Broadway, 15th Floor
New York, New York 10007
(212) 822-1427
robmarinelli@gmail.com

*Attorney for plaintiff*